(No. 945—

AGAR PACKING & PROVISION Co., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1927.*

HENRY J. & CHARLES AARON, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed in this case by Agar Packing & Provision Company, a Corporation on July 6th, 1925, alleges that claimant is a domestic corporation organized and existing under the laws of the State of Illinois, engaged in the business of buying, selling, slaughtering and otherwise dealing

in cattle, calves, pigs, sheep, hogs, lambs and other live stock, and having offices at 4057 Union Avenue, Chicago, Illinois; that claimant seeks to recover $1500.01, together with interest thereon from date of payment being money paid by it to the Secretary of State, of the State of Illinois, under written protest in the year 1922, as a franchise tax; that pursuant to a certificate of issuance filed with the Secretary of State, claimant issued 25000 shares of no par value stock, and that each share of no par value stock so issued had a paid in value not exceeding $10.00; that for the privilege of exercising its franchise in the State of Illinois from March 1, 1922, to June 30, 1923, claimant paid the Secretary of State the sum of $1666.67, as franchise taxes, assessed against such no par value shares valued at $100.00 a share; that such payment was forwarded to the Secretary of State under written protest, for the reason that these franchise taxes were assessed against the no par shares on a $100.00 valuation, and not on the actual paid in value of such shares and that claimant was forced to pay under duress taxes assessed upon such valuation to the extent that such assessment exceeded the paid in value of such shares and that such over assessment totals the sum of $1500.01, which claimant seeks to recover in this action, together with interest and reasonable costs and disbursements herein incurred.

The demurrer filed by the Attorney General of the State of Illinois, to the declaration, is sustained as a matter of law.

A tax paid with knowledge or means of knowledge of the facts under no legal duress or compulsion, is a voluntary payment and even though illegal cannot be recovered back. The evidence in this case is such that we cannot say there was any duress or compulsion exercised on the part of the Secretary of the State that would entitle claimant to an award. The failure of claimant to pursue the remedies provided by law and by statute is a further reason why the claim should be disallowed by this court, and an award is accordingly denied.